UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTIAN R. CRAIGE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-2954** |
| **NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER** | **SECTION: "H"** |

### ORDER AND REASONS

As a threshold matter, the Court is duty-bound to examine whether it has subject matter jurisdiction over each of Plaintiff's claims.[1] For the following reasons, the Court reserves ruling on Plaintiff's pending Motions until Plaintiff remedies the jurisdictional defects identified in this Order.

### BACKGROUND

Plaintiff, Kristian Craige, brings this *pro se* action arising out of a dispute regarding the seizure and sale of the property at 1800 Newton Street, New Orleans, Louisiana. Plaintiff's deceased mother, Loyce Vincent Craige, executed a promissory note and mortgage encumbering said property in favor of American General Finance, Inc. American General Finance, Inc. later assigned its rights in the mortgage to Springleaf Home Equity, Inc., and Defendant, Nationstar Mortgage became the servicer of the loan. After Loyce

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (citing Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

Vincent Craige passed away, a dispute arose regarding payments on the loan, and Springleaf filed a foreclosure action in the Civil District Court for the Parish of Orleans under Case Number 2017-901. In that action, the state court authorized the seizure and sale of the mortgaged property despite appearances by Plaintiff's brothers and alleged co-heirs, Todd Craige and Vincent Craige, seeking injunctive relief. Todd and Vincent Craige then moved to annul the sheriff's sale, but ultimately moved to dismiss same; accordingly, the state court dismissed their motion with prejudice.

A few days later, Plaintiff made his first appearance in the foreclosure action, seeking to annul the sheriff's sale. The state court dismissed his filings without prejudice and granted him thirty days to amend. Plaintiff did not amend, but he moved to vacate the dismissal and have the judge recused. After a hearing, the state court dismissed his motion without prejudice. No state appeal was filed by Plaintiff or his brothers. Plaintiff filed the instant action more than four years after the state court's final judgment.

## LEGAL STANDARD

The proponent of federal court jurisdiction—in this case, Plaintiff—bears the burden of establishing subject matter jurisdiction.[2] In determining subject matter jurisdiction, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[3]

---

[2] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[3] Den Norske Stats Oljeselskap As v. HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2001).

## LAW AND ANALYSIS

The Court now examines subject matter jurisdiction.[4] Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331.[5] Plaintiff's Complaint alleges violations of the Fourth, Fifth, and Ninth Amendments to the U.S. Constitution, violations of Article 1, section 2 of the Louisiana Constitution, "deceptive and fraudulent mortgage loan servicing practices," and claims under the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Consumer Financial Protection Act ("CFPA"). Each of these allegations arise out of state court judgments authorizing the seizure and sale of Plaintiff's family home and declining to annul the sale. In its Opposition to Plaintiff's Motion for Summary Judgment, Defendant argues that the *Rooker-Feldman* doctrine forms a jurisdictional bar to Plaintiff's claims involving the state court foreclosure action.[6] Plaintiff's reply does not address subject matter jurisdiction.[7]

In *Rooker v. Fidelity Trust Co.*,[8] the Supreme Court held that federal district courts lack appellate authority to reverse or modify state court decisions, even if erroneous.[9] Six years later, in *District of Columbia Court of Appeals v. Feldman*,[10] the Supreme Court stated that federal courts cannot review state court judicial decisions and cannot address claims "inextricably

---

[4] The Court emphasizes that it has an independent duty to examine subject matter jurisdiction and that it must do so—even when not raised by motion. Here, Defendant curiously raises defects in the Court's subject matter jurisdiction in its Opposition to Plaintiff's Motion for Summary Judgment instead of filing a motion to dismiss.

[5] While Plaintiff only cites § 1331, the Court liberally construes Plaintiff's jurisdictional allegations to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367, as Plaintiff alleges a Louisiana state constitutional violation.

[6] Doc. 19 at 8–10.

[7] Doc. 22.

[8] 263 U.S. 413 (1923).

[9] *See* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284–85 (2005).

[10] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

intertwined" with the state court decisions.[11] Today, "'the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress."[12]

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, the Supreme Court addressed the *Rooker-Feldman* doctrine and emphasized that it occupies "narrow ground."[13] The Supreme Court held that the doctrine only applies to: (1) cases brought by state court losers, (2) complaining of injuries caused by state court judgments, (3) rendered before the district court proceedings commenced, and (4) inviting district court review and rejection of those judgments.[14] The two hallmarks of the *Rooker-Feldman* inquiry are thus: (1) "what the federal court is being asked to review and reject," and (2) "the source of the federal plaintiff's alleged injury."[15] If the federal court is being asked to review a decision from a state court judicial proceeding, and the state court judgment is the source of the injury, then the *Rooker-Feldman* doctrine denies the federal court of subject matter jurisdiction.[16]

In his Complaint, Plaintiff plainly asks the Court to "annul and vacate the fraudulent sheriff sale."[17] To provide Plaintiff with this relief, the Court would have to review the state court's judgments and enter its own judgment altering the state court's decision to permit the sale.[18] Here, the source of

---

[11] *See Exxon*, 544 U.S. at 285–86.
[12] Truong v. Bank of Am., N.A., 717 F.3d 377, 382 (5th Cir. 2013) (quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 462 (5th Cir. 2004)).
[13] *Exxon,* 544 U.S. at 284.
[14] *Id.*
[15] *Truong*, 717 F.3d at 382.
[16] *See id.* at 382–83.
[17] Doc. 1 at 17.
[18] *See, e.g.* United States v. Shepherd, 23 F.3d 923, 945 (5th Cir. 1994); *see also* Cano v. Deutsche Bank Nat'l Trust Co., No. 12-2328, at *4–5, 2013 WL 3930087 (E.D. La. July, 29, 2013).

4

Plaintiff's alleged injury is apparent—the state court foreclosure judgment.[19] Accordingly, the *Rooker-Feldman* doctrine prevents the Court from entertaining Plaintiff's claims that seek to reverse the state court judgment.

However, "the Supreme Court has cautioned that in light of the 'narrow ground' *Rooker-Feldman* occupies, it does not prohibit a plaintiff from 'presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'"[20] With this in mind, the Court turns to Plaintiff's other requests for relief—compensatory and punitive damages, a declaratory judgment, and an injunction prohibiting future like conduct—to determine if he has any independent claims.

While Plaintiff cites several legal bases which could—if pleaded—present independent claims under different circumstances, including fraud, RESPA, TILA, and CFPA, his requests for damages and declaratory relief do not correspond to or arise from any independent claim.[21] As to Plaintiff's claims for damages, Plaintiff attempts to remedy the financial and emotional fallout from the state proceedings, instead of some other source of injury.[22] Likewise,

---

[19] *See* Morris v. American Home Mortg. Servicing, Inc., 443 F. App'x. 22, 24 (5th Cir. 2011) (citing *Exxon,* 544 U.S. at 284).

[20] *Id.* at 382 (quoting *Exxon,* 544 U.S. at 284, 293) (citation modified).

[21] In his Complaint, Plaintiff alleges that: Defendant infringed on his constitutional rights by effecting an unlawful seizure of property; Defendant initiated the state court proceedings based on its prior fraudulent actions; Defendant's "deceptive and fraudulent practices . . . directly led to the theft and loss of Plaintiff's family property"; Defendant's fraud caused financial and emotional distress "as a result of Defendant's actions that resulted in the unlawful loss of his family property"; Plaintiff and his family has suffered financial and emotional damages "when Nationstar initiated the theft of [his] family property . . . and caused it to be sold without due process"; Defendant violated RESPA, TILA, and CFPA by failing to accept and credit payments on the mortgage and such fraud led to the seizure of the property; and "due to the unlawful foreclosure, [Plaintiff and his family] have been severely and exponentially damaged." Doc. 1 at 6–16.

[22] *But cf.* Cano v. Deutsche Bank Nat. Tr. Co., No. CIV.A. 12-2328, 2013 WL 3930087, at *5 (E.D. La. July 29, 2013) (finding that the plaintiff's damages claims were not barred by *Rooker-Feldman* where they were "based primarily on affirmative relief sought for

all requests for declaratory relief stem from the state court's judgments.[23] To afford Plaintiff the relief he seeks would require the Court to review the state court's judgment.[24] "Moreover, success on [his] claims would essentially overturn the state court judgment, including . . . possible awards for equitable relief. The complained of injuries/harm arise from that judgment, and not primarily from the alleged conduct of [Defendant]."[25] Thus, as pleaded, Plaintiff's claims for damages and declaratory relief are "inextricably intertwined" with the state court judgment. Accordingly, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction for these claims.

Regarding Plaintiff's request for "[a]n injunction prohibiting Defendant from further unlawful practices," the Court lacks clarity regarding which "unlawful practices" Plaintiff seeks to enjoin and the legal basis for such an injunction. Thus, the Court cannot ascertain whether this requested relief arises primarily out of an independent claim or the foreclosure proceedings. As the Court cannot determine with certainty that Plaintiff's request for injunctive relief prohibiting future unlawful practices is not barred by the *Rooker-Feldman* doctrine, Plaintiff has not met his burden to establish the Court's subject matter jurisdiction.

A court must dismiss claims "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[26] However, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction

---

violations of the FDCPA, RESPA, and the LUTPA" instead of a state court foreclosure action).

[23] Plaintiff asks the Court to "[d]eclare Nationstar's involvement in the foreclosure proceedings unlawful and void." Doc. 1 at 17.

[24] Boudreaux v. Deutsche Bank Nat'l Tr. Co., No. CV 18-5649, 2019 WL 4752067, at *3 (E.D. La. Sept. 27, 2019); *see* Salinas v. U.S. Bank Nat. Ass'n, 585 Fed. Appx. 866, 866–867 (5th Cir. 2014).

[25] *Id.* (citing *Truong*, 717 F.3d at 383; Hughes v. Countrywide Home Loans, No. CV 16-17623, 2017 WL 2573958, at *2 (E.D. La. June 14, 2017)).

[26] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[27] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[28] Thus, amendment should be allowed where "diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist."[29] Here, despite Plaintiff's inartful pleading, the Court sees a potential independent claim for damages under 12 U.S.C. § 2605(f). Further, the Court notes the possible availability of a claim seeking injunctive relief enjoining Defendant's "unlawful practices." Accordingly, the Court will grant Plaintiff leave to amend his Complaint to the extent he is able to allege facts supporting a claim for damages under 12 U.S.C. § 2605(f). Further, Plaintiff shall amend his complaint to identify, with particularity, the "unlawful practices" he seeks to enjoin and the legal basis for such relief. In permitting an amendment, the Court expressly does not opine on the merits of either claim.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of this Order, to address the jurisdictional deficiencies described herein. If Plaintiff fails to adequately amend his Complaint within 30 days, this matter will be dismissed for lack of subject matter jurisdiction.

---

[27] *Id.* at 888.
[28] *Id.*
[29] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

New Orleans, Louisiana this 30th day of December, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**